UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIAN KEITH,

      Plaintiff,

v.

PRABHJOT SINGH and
P&R RANDHAWA TRANSPORT INC.,

      Defendants.
_____/

Case No. 2:23-cv-11693

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 8); DENYING AS MOOT PLAINTIFF'S *DAUBERT* MOTION (ECF No. 20); AND DISMISSING COMPLAINT WITH PREJUDICE (ECF No. 1)**

Plaintiff Kristian Keith filed this lawsuit to obtain damages for injuries allegedly sustained in a motor-vehicle collision that involved a semitruck operated by Defendant Prabhjot Singh, an employee of Defendant P&R Randhawa Transport. Upon a review of the extensive submissions, including the dashcam footage from Defendants' semitruck, this Court finds no genuine dispute of material fact, grants Defendants' motion for summary judgment, and dismisses the case with prejudice.

**I. BACKGROUND**

The incident occurred on May 8, 2022, at approximately 7:43 PM ET. The semitruck's dashcam video shows the following sequence of events: Plaintiff merged onto the highway from the rightmost lane while Defendants' semitruck was

in the center lane. *See also* ECF No. 10 at PageID.99. The semitruck was encroaching a few inches into the leftmost lane but within seconds corrected itself in the center lane and then maintained a perfect lane position. *See also* ECF No. 18 at PageID.348. During the semitruck's entirely lawful operation in the center lane for at least ten seconds, Plaintiff attempted to pass the semitruck on the left but inexplicably jerked his car into the left median wall and then swerved right, colliding into the semitruck. *See also* ECF No. 10 at PageID.100–01.

Plaintiff sued Defendants in Third Circuit Court of Wayne County, asserting three negligence claims against Defendants arising from the collision. ECF No. 1-1. Defendants timely removed the case here alleging diversity jurisdiction. ECF No. 1 (citing 28 U.S.C. § 1446). Defendants then filed a motion for summary judgment, contending that the semitruck's dashcam footage conclusively proves the accident was 100% Plaintiff's fault. ECF No. 8. Plaintiff opposed the motion, and extensive briefing ensued, including Defendant's supplemental expert report, ECF No. 17, and Plaintiff's motion to exclude the opinion testimony of one of Defendants' expert witnesses, ECF No. 20.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute of material fact and that they are entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). If so, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted), which requires more than "a mere scintilla of evidence," *id.* at 251, and more than "metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## B. Analysis

To prevail on his negligence claim, Plaintiff must establish duty, breach, causation, and damages. *See Riddle v. McLouth Steel Prods.*, 485 N.W.2d 676, 681–82 (Mich. 1992). Plaintiff's entire case is premised on the allegation that "Defendant did strike Plaintiff's vehicle." ECF No. 1-2 at PageID.11.[1]

But the dashcam footage indisputably shows Plaintiff's claims lack merit. Defendants' semitruck did not strike Plaintiff's car—much less cause Plaintiff's accident. The semitruck, after an initial minor encroachment into the left lane, maintained perfect lane discipline for more than ten seconds. ECF No. 10 at

---

[1] Plaintiff's claims of owner's liability, vicarious liability, and negligent hiring against Defendant P&R Randhawa Transport require that Defendant Singh was negligent. *See* ECF No. 1-1 at PageID.14–15; MICH. COMP. LAWS §§ 257.401(1), 500.3135(b); *cf. Mueller v. Brannigan Bros. Rests. & Taverns LLC*, 918 N.W.2d 545, 552 (Mich. Ct. App. 2018) (per curiam) ("Nevertheless, a claim of negligent hiring or retention requires actual or constructive knowledge by the employer that would make the *specific* wrongful conduct perpetrated by an employee predictable." (citing *Brown v. Brown*, 739 N.W.2d 313, 317–19 (Mich. 2007))).

PageID.98–100. It was during this time of Defendants' undisturbed driving that Plaintiff attempted to pass the semitruck, inexplicably lost control, veered left into the median wall, and then swerved right and struck the semitruck. *Id.* at PageID.100–01. Even if Defendants had briefly breached their duty, it was so distant in time from Plaintiff's loss of control that no reasonable person could conclude by a preponderance of the evidence—to any degree—that Defendants caused Plaintiff to drive the way that he did, to strike the median, or to strike Defendants' semitruck. Despite Plaintiff's version of the events, *see* ECF No. 11 at PageID.110–11, the video unambiguously shows that Defendants' semitruck was driving straight within its lane and did not strike Plaintiff's car. And "when opposing parties tell two different stories, one of which . . . no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Simply put, the collision was 100% Plaintiff's fault, and no reasonable juror could conclude otherwise. Plaintiff's own erratic driving, as captured on video, was the sole cause of the collision, so the case will be dismissed. *See Powell v. Farm Bureau Ins.*, No. 344004, 2020 WL 3621290, at *3 (Mich. Ct. App. July 2, 2020) (per curiam) ("Because the video evidence so thoroughly discredited the plaintiff's version of events, . . . 'no reasonable jury could believe' the plaintiff's version of events." (quoting *Scott*, 550 U.S. at 380).

### C. Plaintiff's *Daubert* Motion

Plaintiff filed a motion to exclude Defendants' expert report, arguing it lacked reliable methodologies and principles. ECF No. 20 (first citing *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); and then citing *Kumho Tire Co. v Carmichael*, 526 U.S. 137 (1999)). However, that motion is mooted by the dispositive dashcam footage that independently establishes the facts for Defendants. Because the expert report was not necessary for this Court's determination, the motion to exclude it will be denied as moot. *E.g.*, *Gronski v. Aldi, Inc.*, No. 1:17-CV-12117, 2018 WL 4745450, at *8 (E.D. Mich. Oct. 2, 2018).

### V. Conclusion

Accordingly, it is **ORDERED** that Defendants' Motion for Summary Judgment, ECF No. 8, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Exclude the Expert Report, ECF No. 20, is **DENIED AS MOOT**.

Further, it is **ORDERED** that the Complaint, ECF No. 1-2, is **DISMISSED WITH PREJUDICE**.

**This final order closes the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 6/12/2024